FILED

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 SEP 30 PM 2: 07

U.S. DISTRICT COURT
N.D. OF ALABAMA

BARBARA HOSEA-STUDDARD,  }
                         }
    Plaintiff,           }
                         }
v.                       }   CASE NO. CV 95-B-2385-S
                         }
BESSEMER STATE TECHNICAL }
COLLEGE AND ALABAMA STATE}
BOARD OF EDUCATION,      }
                         }   **ENTERED**
    Defendants.          }
                             OCT - 1 1999

## MEMORANDUM OPINION

    This case is before the court on defendants' Motion for Attorney's Fees. Upon consideration of the record, the submissions of counsel, and the relevant law the court finds that this Motion is due to be granted in part and denied in part.

### I. FACTUAL SUMMARY

    This motion arises out of a suit filed against Bessemer State Technical College and the Alabama State Board of Education by Barbara Hosea-Studdard ("plaintiff"). Plaintiff alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, and 42 U.S.C. § 1983. This court granted summary judgment as to all of plaintiff's claims on February 3, 1997, and plaintiff thereafter appealed. Defendants filed a Motion for Attorney's Fees on February 12, 1997, which this court denied, allowing leave to refile upon the Eleventh Circuit's decision regarding plaintiff's appeal. The Eleventh Circuit affirmed this court's decision on December 31, 1997. Defendants refiled the Motion for Attorney's Fees on January 9, 1998, stating that "plaintiff's claim[s] w[ere] frivolous, unreasonable, groundless, vexatious, and



brought in bad faith." (Def.'s Motion to Remand at 2 ¶ 6.)

## II. DISCUSSION

### A. Section 1981 and Section 1983

Defendants request an award of attorney's fees for the claims brought by plaintiff pursuant to 42 U.S.C. §1981 and 1983. Defendants allege that plaintiff's claims were groundless since they both were entitled to Eleventh Amendment immunity. "Under 42 U.S.C. § 1988, the district court may award attorney's fees to prevailing parties in section 1983 actions only where the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir. 1991) (internal quotation and citations omitted). The standard is "stringent." *Id.* "The standard is so stringent that '[t]he plaintiff's action must be meritless in the sense that it is groundless or without foundation' in order for an award of fees to be justified." *Id.* "The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Busby*, 931 F.2d at 787.

This court found that both the Board of Education and Bessemer State were entitled to Eleventh Amendment immunity as to plaintiff's Section 1981 and Section 1983 claims:

This court stated in its Memorandum Opinion granting summary judgment:

The Eleventh Amendment prohibits a district court from exercising jurisdiction over a suit against a state unless the state has consented to the suit or Congress has abrogated the immunity. . .The State Board of Education is an elected body that is the advisory and regulatory arm of the Alabama Department of Education. . . the State of Alabama is the real party in interest in a suit for monetary damages against Bessemer State because Bessemer State is a junior college or trade school of the State of Alabama. . . The State of Alabama has not waived and Congress has not abrogated Alabama's immunity under the Eleventh Amendment with regard to §1981 and §1983 claims.

(Mem. Op. at 32.)

> The Supreme Court has stated that:
>
> it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. . . No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. . . even when the law or facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421-422 (1978). However, from the outset, there was no reasonable basis for bringing suit against Bessemer State and the Board under Sections 1981 and 1983.

The Eleventh Circuit has held that a plaintiff's Section 1983 claim should not be considered groundless or without foundation when the claims are meritorious enough to receive "careful attention" and review. *Busby,* 931 F.2d at 787. The court does not consider the discussion regarding Eleventh Amendment immunity to fall into the Eleventh Circuit's definition of "careful attention and review" of this claim. This discussion is a mere statement of the relevant facts and law. This is law of which plaintiff should have been aware before she filed her suit.

In *Franceschi v. Schwartz*, 57 F.3d 828, 832 (9th Cir. 1994), the court held that plaintiff, as an attorney, should have known that both the court commissioner and the municipal court were entitled to Eleventh Amendment immunity from his suit for money damages under 42 U.S.C. § 1983. Consequently, the court upheld the district court's award of attorney's fees because the plaintiff's action was "unreasonable, frivolous, meritless, and vexatious." *Id.* Since

it is well-established under longstanding precedent that both Bessemer State and the Board are entitled to immunity from suit on these claims, this court finds that plaintiff's Section 1981 and Section 1983 claims against Bessemer State and the Alabama Board of Education were unreasonable, frivolous and groundless.

The Eleventh Circuit has identified three general factors for this court to consider in deciding whether attorney's fees should be awarded: 1) whether the plaintiff established a prima facie case; 2) whether the defendant offered to settle; and 3) whether the trial court dismissed the case prior to a trial or held a full-blown trial on the merits. *Walker v. NationsBank of Florida*, 53 F.3d 1548, 1559 (11th Cir. 1995). The court notes that plaintiff did not establish a prima facie case, and there was no trial on the merits. Furthermore, in plaintiff's opposition to defendants' motion, she presented no evidence to the court indicating that a settlement offer was made regarding these two claims.

The court finds that the claims against the defendants under Section 1981 and Section 1983 were frivolous, groundless, and without merit from the beginning. Therefore, both defendants are entitled to reasonable attorney's fees in defending these claims.

**B. Title VII**

"[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment*, 434 U.S. at 421. The defendants also assert that they are entitled to attorney's fees for the claims brought by plaintiff under Title VII. The court declines to award attorney's fees to either defendant for plaintiff's Title VII race discrimination (wage) and retaliation claims.

4

The court found that the majority of the allegations regarding these claims lacked all of the elements of a prima facie case. However, the court acknowledges that it gave these claims "careful attention and review" in its Memorandum Opinion. *See Hughes v. Rowe* 449 U.S. 5, 15 (1980). "Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, "groundless" or "without foundation". . ." *Id.* at 15-16. Plaintiff did establish a prima facie case as to one allegation under her claim for Title VII retaliation. While this court's decision to grant summary judgment was affirmed, it cannot be said that an objective examiner would find plaintiff's claim so patently devoid of merit as to be "frivolous." *See Sullivan v. School Board of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985). Unless this court finds plaintiff's testimony regarding her claims to be "absolutely incredible and pure fabrication," there can be no finding of frivolity with regard to the Title VII claims. *Id.* at 1190.

In the Memorandum Opinion granting summary judgment, this court discussed the fact that plaintiff had major problems with her case. Plaintiff made a claim for wage discrimination alleging that she was paid too little from the beginning of her employment and had not been given sufficient raises. The court discussed the fact that plaintiff was paid within the salary range that was advertised. Thus, plaintiff's claim for wage discrimination suffered from a lack of foundation from the beginning. However, in the Memorandum Opinion, the court did not find that the plaintiff's claims were so devoid of merit as to be groundless or frivolous. The court will follow the instructions set out by the Eleventh Circuit and "resist the understandable temptation to engage in post hoc reasoning by concluding that because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment*, 434 U.S. at 421-422. Thus, the court declines to award attorney's fees to defendants for time spent

5

spent defending against plaintiff's Title VII claims.

## CONCLUSION

Based upon the foregoing, the defendants' Motion for Attorney's Fees is due to be granted as to the claims alleged under §1981 and §1983, but denied as to the claims under Title VII. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 30th day of September, 1999.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge