


**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**BARBARA HOSEA-STUDDARD,**

**Plaintiff,**

**v.** **CASE NO. CV 95-B-2385-S**

**BESSEMER STATE TECHNICAL COLLEGE, ALABAMA STATE BOARD OF EDUCATION,**

**Defendants.**

ENTERED
SEP 27 2000

## MEMORANDUM OPINION

This case is before the court on the submission of defendants requesting an award of attorney's fees. In a Memorandum Opinion filed September 30, 1999, the court found that defendants were entitled to reasonable attorney's fees incurred in defending the claims brought by plaintiff in this case under Section 1981 and Section 1983, but declined to award fees for plaintiff's Title VII race discrimination (wage) and retaliation claims. Plaintiff's counsel makes a number of arguments as to why the court should reconsider its decision to award attorney's fees. Although plaintiff's arguments are not without some merit, the court has determined that defendants are entitled to fees as set forth in the court's earlier Memorandum Opinion. However, given the court's current opinion as to the amount of attorney's fees due defendants, it is unfortunate that so much time has been expended by counsel and by the court in addressing this issue.

The court has carefully considered defendants' Submission, the Affidavit of Dwight Sloan attached to defendants' Submission, and plaintiff's Response. Plaintiff argues that if plaintiff had simply pursued her claims under Title VII, instead of under both Title VII and Section 1981, defendants' counsel would have spent the same amount of time defending this case except for the time spent researching and arguing the issue of Eleventh Amendment

76

immunity. The court agrees.[1] In addition, defendants' counsel have been required to expend the same amount of time even if plaintiff had not brought a Section 1983 claim premised on a violation of the Fourteenth Amendment Equal Protection Clause.[2]

In her opposition, plaintiff cites to the only entries that pertain to any claim for which the court awarded attorney's fees:

| | | |
|---|---|---|
| 8/12/96 | 3.0 | Legal research regarding 1983 action against a college. |
| 8/13/96 | 8.20 | Continued legal research regarding Section 1983 claim against a state college; drafting legal argument for brief on issue of Title VII wage discrimination, Title VII retaliation, and Section 1983; conference with MTW regarding legal arguments. |
| 8/14/96 | 2.0 | Legal research regarding injunctive relief and Section 1983; revised legal arguments for brief; conference with MTW regarding hearing and discovery cutoff and status of summary judgment brief. |

For the entries of August 13, 1996, and August 14, 1996, defendants did not break down their time entries to reflect how much time was spent on each task. Therefore, the court is unable to determine the exact portion of the August 13, 1996, and August 14, 1996, time entries that were devoted to the Section 1983 claim.

Plaintiff offers the court a method of assigning compensable time for the August 13, 1996, and August 14, 1996, entries:

---

[1] The relative burdens of proof in Title VII and § 1981 disparate treatment claims are the same. *Brown v. American Honda Motor Co., Inc.*, 939 F.2d 946, 949 (11th Cir. 1991).

[2] In *Lee v. Conecuh County Bd. of Educ.*, 634 F.2d 959 (5th Cir. 1981), the Fifth Circuit held that the same factors used in Title VII cases to establish a prima facie case of employment discrimination may be used to establish a claim of discrimination under 42 U.S.C. § 1983. *Id.* at 962.

> "On 8/13/96, the defendants' counsel has claimed to engage in five distinct tasks in 8.2 hours. Based upon the time records, only two of these five activities, "Continued legal research regarding Section 1983 claim against a state college," and "drafting brief on . . .Section 1983," are not related to the Title VII claim. The plaintiff thus has divided the 8.2. hours by five, and arrived at 1.64 hours per task. Therefore, the defendants would be entitled to compensation for 3.28 hours (or 1.64 hours x 2) for 8/13/96.
>
> The same problem arises with the 8/13/96 time entry. The defendants claim that they engaged in three activities on that day, only two of which could even arguably be exclusive of the plaintiff's Title VII claim. Thus, of the 2.0 hours claimed, the defendants would be entitled to only 1.33 hours (2.0 hours divided by three, multiplied by the two arguable Section 1981 activities)."

The court finds plaintiff's suggestion is a fair way of arriving at the amount of attorney time the court should find reasonable. Therefore, as suggested by plaintiff, the court concludes that defendants are entitled to attorney's fees for only 7.61 hours for time devoted to defending plaintiff's claims alleging a violation of Section 1983.

Plaintiff does not, however, take into consideration the amount of time requested by defendants in briefing the request for attorney's fees and preparing defendants' Submission Regarding Time and Fees Incurred. Defendants claim approximately 18 hours for time spent on attorney fee issues.[3] The court finds this time to be slightly excessive and reduces the time to 12 hours. When combined with the hours pertaining to the Section 1983 claim, this results in a total of 19.61 hours. The court rounds this number to 20 hours.

Defendants request that their counsel be compensated at the prevailing legal rate for attorneys of similar expertise, experience, and skill. Plaintiff argues that defendants' counsel should be reimbursed at the rate they billed defendants, that is $85.00 an hour. The court agrees with plaintiff that defendants should be reimbursed at the rate they actually billed. Therefore,

---

[3] Three of the entries listed time related to matters other than attorney fee issues.

the court will award 20 hours at $85.00 an hour for a total of $1,700.00.

**DONE** this 27th day of September, 2000.

SHARON LOVELACE BLACKBURN
United States District Judge